USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
In re:                                                        :
                                                              :
LEHMAN BROTHERS HOLDING INC., et al.,                         :       13 Civ. 07481 (LGS)
                                                              :
                                    Debtors.                  :       <u>OPINION AND ORDER</u>
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, United States District Judge:

  The Federal Housing Finance Agency ("FHFA") brings this Motion to Withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). The FHFA seeks to withdraw the reference for Lehman Brothers Holding Inc.'s ("LBHI") Motion to Classify the FHFA's claim. For the reasons stated below, the reference is withdrawn as a mandatory withdrawal under § 157(d), but the Motion to Classify is referred to the Bankruptcy Court for a Report and Recommendation.

**I. Background**

  Between January and August 2008, Freddie Mac, a government sponsored entity, made loans to LBHI totaling between $1 billion and $1.2 billion. On September 15, 2008, LBHI and certain of its subsidiaries commenced Chapter 11 bankruptcy proceedings.

  On July 30, 2008, in response to the collapse of the housing market in the United States, Congress enacted the Housing and Economy Recovery Act ("HERA"), which created the FHFA as an independent agency of the Federal Government. Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654 (2008). The FHFA was created in part to rehabilitate and supervise Freddie Mac, which was experiencing severe financial difficulties. H.R. Rep. No. 109-171, pt. 1, at 81 (2005). On September 6, 2008, pursuant to the authority granted it under

HERA, the FHFA placed Freddie Mac under conservatorship.  The FHFA, as Conservator of Freddie Mac, was given the necessary powers to "preserve and conserve the assets and property" of Freddie Mac.  12 U.S.C. § 4617(b)(2)(D)(ii).

On September 22, 2009, the FHFA filed a Proof of Claim in the LBHI Bankruptcy, claiming entitlement to $1.2 billion for its loans, plus accrued interest.  Additionally, the FHFA asserted, pursuant to 12 U.S.C. § 4617(b)(15)(A), that it is entitled to avoid any transfer made with the intent to hinder, delay or defraud Freddie Mac, and that its power to avoid these transfers is "superior to any rights of a trustee or any other party (other than any party which is a Federal agency) under Title 11."  *Id.* at ¶ 3.

In advance of the confirmation of LBHI's Third Amended Plan of Reorganization (the "Plan"), the FHFA raised objections to the Plan because it failed to create a class establishing the priority of, or define any class to include, FHFA's $1.2 billion HERA claim.  The parties negotiated a stipulation (the "Plan Stipulation"), in which LBHI agreed to amend the definition of "Priority Non-Tax Claim" in the Plan to include a claim entitled to priority recovery under HERA, but reserved all rights to later challenge the classification of the FHFA's claim under the Plan.  The Plan Stipulation provided for a cash reserve of $1.2 billion in the event that the entire amount of the FHFA claim was determined to be fully payable as a priority claim under HERA.  *Id.*  On December 6, 2011 the Plan was confirmed.

On September 13, 2013, LBHI filed its Motion to Classify the FHFA's claim under the Plan as a senior unsecured claim, rather than as a Priority Non-Tax Claim.  The FHFA filed its Opposition in the Bankruptcy Court to LBHI's Motion to Classify, and now moves to withdraw the reference to the Bankruptcy Court of the Motion to Classify.

## II. Legal Standard

Withdrawal of the reference to the Bankruptcy Court is mandatory where the District Court determines that "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). "The test for mandatory withdrawal under § 157(d) has been narrowly defined," as the statute could be read to remove a large number of cases clearly within the purview of the bankruptcy courts. *In re Chateaugay Corp.*, 86 B.R. 33, 36 (S.D.N.Y. 1987); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990). In order to find that a proceeding requires consideration of other laws of the United States, "substantial and material consideration of non-Bankruptcy Code federal statutes" must be a necessary part of the resolution of the proceeding. *In re Ionosphere Clubs, Inc.,* 922 F.2d at 995.

A court must need to "engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991). Mandatory withdrawal "should be exercised only for 'issues requiring significant *interpretation* of federal laws that Congress would have intended to have decided by a district judge rather [than] a bankruptcy judge.'" *In re Chateaugay Corp.*, 86 B.R. 33, 37 (S.D.N.Y. 1987) (citing *In re Johns–Manville Corp.,* 63 B.R. 600, 602 (S.D.N.Y. 1987)).

## III. Discussion

Deciding the Motion to Classify will require substantial and material consideration of non-bankruptcy federal statutes, and not simply application of settled law to the facts of this case. HERA § 4617(b)(15) grants the conservator superior rights in avoidance actions related to a "government sponsored entity," such as Freddie Mac, over any other party's avoidance rights

under Title 11.  Whether or not HERA affects the priority scheme of 11 U.S.C. § 507 requires substantial interpretation of bankruptcy and non-bankruptcy law and is not a matter of established precedent.[1]  While there is little guidance from the Second Circuit on when an issue is sufficiently substantial and novel to warrant mandatory withdrawal of the reference, when considering the effect of FIRREA – the statute governing the operation of the Federal Deposit Insurance Corporation, on which HERA was modeled – the Second Circuit noted in dictum that the district court likely should have withdrawn the motion under the mandatory withdrawal provision of 28 U.S.C. § 157(d).  *In re Colonial Realty Co.*, 980 F.2d 125, 128 n.5 (2d Cir. 1992) ("Although the issue is moot at this juncture, it would appear that the FDIC's motion should have been granted, pursuant to § 157(d), in view of the FDIC's timely motion and the asserted conflict between provisions of the Bankruptcy Code and other federal statutes.").  Likewise, whether the grant of superior avoidance rights under HERA affects the priority scheme of a bankruptcy is an issue of non-bankruptcy federal law that requires significant interpretation.  *See Exxon Corp*., 932 F.2d at 1026 (mandatory withdrawal required where a bankruptcy judge must "engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes").

      The Trustee argues that, because claim priority is always decided with reference to 11 U.S.C. § 507, the Motion to Classify can be decided solely with reference to the Bankruptcy Code and that, consequently, the Bankruptcy Court should keep the Motion.  This argument is unavailing because it begs the question.  The Motion to Classify will be decided based on the priority scheme in the Bankruptcy Code only if the Court assumes that HERA has no effect.  HERA may have no effect on claim priority, but interpretation of HERA is necessary to answer that question.  Accordingly, the reference must be withdrawn under § 157(d).

---

[1] The Court has found no case interpreting the relationship of HERA and 11 U.S.C. § 507.

4

Nevertheless, the Court agrees with Judge Peck, the presiding bankruptcy judge in this matter, that the issue of claim priority is squarely among the issues bankruptcy courts were created to handle, and that avoidance claims are almost exclusively adjudicated by bankruptcy judges.  (*See* Transcript of October 24, 2013 Hearing, Dkt. No. 13-2 at pp. 44-45) ("[W]e are dealing with claim priority questions, and in the case of the HERA statute itself, we're dealing with priorities associated with avoidance powers.  In that sense, the non-bankruptcy federal law in question is very closely analogous to bankruptcy law.").  Given the complex nature of the claims procedure in the LBHI bankruptcy, the familiarity of Judge Peck with the case, and the expertise of bankruptcy judges generally with avoidance actions and challenges to priority, the Motion to Classify is referred to Judge Peck for a Report and Recommendation.[2]  The interpretation of HERA is substantial and material to deciding the Motion to Classify, requiring withdrawal, but an understanding of the context is also important.  Referring for a Report and Recommendation will provide that context.

## IV.  Conclusion

The Motion to Classify is Withdrawn, and referred to Judge Peck for a Report and Recommendation.  The Clerk of Court is directed to close the motion at Dkt. No. 1.

SO ORDERED.

Dated:  December 17, 2013
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[2] The Court understands that Judge Peck is leaving the bench on January 31, 2014, but is hopeful to get his invaluable input before he leaves his post.